**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1650
_____

MISAEL CORDERO,
Appellant

v.

ABU AHSAN, sued in their individual and official capacities; IVERY DONIQUE, sued
in their individual and official capacities; JOANNE HOWELL, sued in their individual
and official capacities
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 10-cv-01139)
District Judge:  Honorable Joel A. Pisano
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2011
Before:  AMBRO, FISHER and NYGAARD, Circuit Judges

(Opinion filed November 21, 2011)
_____

OPINION
_____

PER CURIAM

Misael Cordero, proceeding pro se and in forma pauperis, appeals from the

District Court's dismissal of his 28 U.S.C. § 1983 complaint pursuant to 28 U.S.C.

§ 1915(e)(2). For the following reasons, will affirm in part, vacate in part, and remand for further proceedings.

I.

In March 2010, Cordero, a New Jersey state prisoner, filed a 42 U.S.C. § 1983 complaint in the United States District Court for the District of New Jersey, alleging that prison employees violated his Eighth Amendment rights by failing to provide him with proper medical treatment. Cordero asserted that he injured his shoulder in September 2008. He was initially treated by a nurse practitioner, who gave him an injection, naproxen (generic Aleve), and ordered an x-ray. Soon thereafter, Dr. Abu Ahsan examined Cordero and told him that the x-ray showed that he had tendinitis. Cordero told Dr. Ahsan that he was unable to tolerate naproxen due to its side effects. Dr. Ahsan informed him that there was no other pain medication that he could give him. He did, however, refer Cordero to a physical therapist.

In November and December 2008, Cordero participated in a physical therapy program with Charles Miller. Cordero attached to his complaint notes from the physical therapist stating, among other things, that Cordero's shoulder pain persisted throughout his treatment. Miller also recommended an "orthopedic consult" due to possible instability in Cordero's shoulder. When Cordero later asked about seeing an orthopedist, he was told that Dr. Ahsan had not approved the referral.

On September 10, 2009, Cordero felt a pop in his right shoulder when he picked up a garbage bag. He felt a burning sensation and his pain level increased substantially. He received an emergency medical pass, but after waiting at the clinic for an hour, was

told to return to his cell until he was called. Cordero asserts that he was never called back to the clinic, so he filled out a medical request. He was seen, but not examined, by Dr. Ahsan on September 17, 2009. Dr. Ahsan again told him that he could only prescribe naproxen, which Cordero again refused. Cordero then filed an administrative remedy (complaint). He filed a second complaint after a nurse again tried to give him naproxen.

On October 17, 2009, Cordero received an emergency medical pass after experiencing headaches and dizziness. He was diagnosed with high blood pressure and he was given medication for that condition as well as for migraine headaches.[1] Cordero has continued receiving treatment for his high blood pressure and has been placed on the chronic care list.

Cordero has also continued to request treatment for his shoulder. He alleges that, on November 19, 2009, he was called to the prison medical clinic, where Dr. Ivery Donique told him that a final decision had been made, and that he was not going to be given permission to see a specialist or to get an MRI. He was also informed that Dr. Ahsan was angry with him for filing administrative complaints. In December 2009, he submitted another complaint and requested an MRI of his shoulder. His complaint was denied in January 2010. Additionally, his administrative appeal from the denial of his earlier complaint was also dismissed. The decision, dated January 10, 2010, stated that Cordero had been seen by two medical providers for pain and blood pressure management, that the treatment plan had been discussed with Cordero, and that an x-ray showed no fracture. Cordero asserts that the x-ray referred to is the one that was taken in

---

[1] Cordero attributes his blood pressure problems to his shoulder injury.

3

2008, before he reinjured his shoulder. He contends that he continues to be in severe pain and that he has lost much of the movement of his arm and shoulder.

On July 23, 2010, the District Court granted Cordero's application to proceed in forma pauperis and dismissed the complaint, without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim after finding that he had not sufficiently pled that the defendants acted with "deliberate indifference." The District Court notified Cordero that, within 45 days, he could file a motion to reopen that attached a proposed amended complaint addressing the deficiencies of the first complaint.

On August 11, 2010, Cordero filed a motion to reopen. He attached a proposed amended complaint, which was largely the same as the original complaint. It did, however, emphasize his level of pain, and described the September 2009 shoulder incident as a "new injury."

The District Court denied the motion to reopen on February 15, 2011. Its order explained that Cordero's amended complaint again "outlines the treatment that he received for his conditions, including treatment by nurses and doctors, x-rays, and physical therapy. Although [Cordero] would have preferred a certain pain medication and certain diagnostic tests, his treatment is not rendered unconstitutional . . . . [A]t most, [he] may have alleged facts indicating medical malpractice." The District Court then stated that it was denying the motion to reopen for the reasons set forth in its 2010 opinion .

II.

4

We have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's sua sponte dismissal of a complaint for failure to state a claim is plenary, requiring us to draw all reasonable inferences in the plaintiff's favor. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).[2]

An inmate making an Eighth Amendment claim based on the denial of medical treatment must show that prison officials were deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976) (setting forth standard). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. Id. at 105-06. Rather, a prison official is deliberately indifferent if he or she knows of and disregards an excessive risk to inmate health or safety. See Farmer v. Brennan, 511 U.S. 825, 834-36 (1994) (holding that deliberate indifference requires a sufficiently culpable state of mind, such as reckless disregard, to a substantial risk of serious harm to a prisoner).

In this case, the District Court determined that Cordero's treatment could, at most, constitute medical malpractice. It focused on the treatment of Cordero's 2008 shoulder injury and high blood pressure, noting that he was examined and treated for his injuries, given an x-ray, and that he participated in physical therapy. It acknowledged that Dr. Ahsan had rejected the recommendation that Cordero be examined by an orthopedist, but concluded that this was merely a disagreement as to proper medical treatment, which

---

[2] The District Court's February 2011 order technically denies Cordero's motion to reopen. Functionally, however, the order dismisses Cordero's amended complaint pursuant to 28 U.S.C. § 1915(e)(2). Accordingly, we review the District Court's decision under the standard for dismissal of a complaint for failure to state a claim. See Allah, 229 F.3d at 223.

does not constitute deliberate indifference. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (holding that a disagreement as to the proper medical treatment for a prisoner does not establish an Eighth Amendment violation). We agree that the treatment of Cordero's high blood pressure and initial shoulder injury cannot be considered to be deliberately indifferent. Accordingly, the District Court appropriately dismissed this claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

However, Cordero's claim as to the treatment of his 2009 shoulder injury is sufficiently pled to survive 28 U.S.C. § 1915 scrutiny. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding that, in order to survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). Cordero alleged that he has received almost no treatment for his shoulder since he felt it "pop" in September 2009, which has resulted in continuous pain and a loss of movement in his arm and shoulder. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987) (stating that the denial or delay of reasonable requests for medical treatment, which results in the "unnecessary and wanton infliction of pain," can constitute deliberate indifference to a serious medical need). He additionally asserted that the prison staff ignored his inability to tolerate the only pain medication that they attempted to give him, and that decisions regarding his care were made due to his filing of complaints against the prison staff. These allegations, if proven, could establish that prison officials acted with deliberate indifference to a serious medical need. Accordingly, the District Court erred by dismissing this claim under 28 U.S.C. § 1915(e)(2).

Based on the foregoing, we will affirm in part and vacate in part the District Court's dismissal of Cordero's complaint under 28 U.S.C. § 1915(e)(2)(B). We will remand for further proceedings consistent with this opinion. We note that our decision is without prejudice to any arguments that the defendants may want to raise.